IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOE RANGER PICKETT, #128 361, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-cv-135-WKW-JTA |
| | ) | (WO) |
| HAROLD ALBRITTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a state inmate, filed a complaint under 42 U.S.C. § 1983. As discussed below, because plaintiff is a "three-striker" under 28 U.S.C. § 1915(g) and failed to pay the filing fee when he filed his complaint, this case should be dismissed without prejudice.

### I.     BACKGROUND

A.     Plaintiff's Prior Litigation History

While incarcerated, Plaintiff has previously brought at least three § 1983 actions in this Court that were dismissed as frivolous: (1) *Pickett v. Thompson, et al.*, Case No. 2:93-CV-642-ID-CSC (M.D. Ala. 1993) (complaint dismissed as frivolous); (2) *Pickett v. Esdale, et al.*, Case No. 2:93-CV-294-ID-JLC (M.D. Ala. 1993) (complaint dismissed as frivolous); and (3) *Pickett v. Phelps, et al.*, Case No. 2:92-CV-1289-TMH-JLC (M.D. Ala. 1992) (complaint dismissed as frivolous). As a result, this Court has dismissed at least one of Plaintiff's prior § 1983 actions on the ground that he had accumulated three "strikes" under § 1915(g) before he filed that action but had failed to pay the filing fee when he filed it. *Pickett v. Riley et al.*, 2:05-cv-00924-MHT-CSC (M.D. Ala. 2005).

B. This Case

On March 17, 2022, Plaintiff filed his complaint. (Doc. No. 1.) Plaintiff sued a district judge of this Court, a magistrate judge of this Court, a civil docket clerk of this Court, the State of Alabama, and the Attorney General of Alabama (collectively "Defendants"). (*Id.* at 1–2.) Plaintiff alleged that Defendants conspired to arbitrarily delay post-conviction relief for him. (*Id.* at 2–3.) For relief, Plaintiff sought an investigation of Defendants and their impeachment. (*Id.* at 4.)

On the same date, having failed to pay the filing fee, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP"). (Doc. No. 2.) On March 21, 2022, the Court granted this motion. (Doc. No. 3.)

On April 21, 2022, the Court ordered Plaintiff to file an amended complaint by May 12, 2022. (Doc. No. 5.) The Court concluded that Defendants were entitled to various forms of immunity and that Plaintiff failed to state a facially plausible § 1983 claim. *Id.*

## II. DISCUSSION

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). When a prisoner has three or more strikes under this rule and fails to pay the filing fee when he brings the suit, "the proper procedure is for the district court to

dismiss the complaint without prejudice." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam). The three-striker cannot pay the filing fee *after* he has initiated the suit to cure his failure to pay said fee *at the time* he initiated the suit. *Id.* As noted, § 1915(g) contains an exception for prisoners who are "under imminent danger of serious physical injury." The prisoner "must be under imminent danger of serious physical injury[] . . . at the time he filed his complaint[]." *Smith v. Clemons*, 465 F. App'x 835, 836 (11th Cir. 2012) (per curiam) (citing *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999)).

Here, Plaintiff had amassed at least three "strikes" under § 1915(g) at the time he filed his complaint but failed to accompany it with the filing fee. Furthermore, Plaintiff has not alleged that he is an imminent danger of serious physical injury.

The Court notes that it granted Plaintiff's IFP motion and ordered him to file an amended complaint. However, because § 1915(g) required dismissal of this case, these orders were improvidently entered and should be vacated. As a result, Plaintiff's IFP motion should be denied.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. This case be DISMISSED without prejudice for Plaintiff's failure to pay the filing and administrative fees upon his initiation of this case.

2. The Court's order granting Plaintiff's IFP motion (Doc. No. 3) and order for an amended complaint (Doc. No. 5) be VACATED.

3. Plaintiff's IFP motion (Doc. No. 2) be DENIED.

4. This case be CLOSED.

It is

ORDERED that **on or before June 7, 2022**, Plaintiff may file an objection to this Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 23rd day of May, 2022.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE